U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 26 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FAIRADE DORSEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-719-A |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Fairade Dorsey, a federal prisoner currently incarcerated in FCI Beaumont-Medium in Beaumont, Texas, against the State of Texas, represented by the Texas Attorney General's Office, respondent. After having considered the pleadings, and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

I. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, petitioner challenges his conviction for attempted forgery in the 297th District Court of Tarrant County, Texas. (Pet. at 2) Petitioner pleaded guilty to the offense on May 31, 2011, pursuant to a plea bargain agreement and received a reduced sentence of ninety days under article 12.44(a) of the Texas

Penal Code. (Resp't MTD, Ex. A) TEX. PENAL CODE ANN. § 12.44 (Vernon Supp. 2010). Because petitioner had been incarcerated more than ninety days on the date of the plea, he was given credit for time served and the sentence was fully discharged as of that date. (Resp't MTD at 3 n.2) Petitioner did not appeal his conviction and sentence or seek state postconviction habeas review. (Pet. at 2)

## II.   ISSUES

Petitioner raises three grounds challenging his 2011 conviction, in which he asserts (1) his plea was unlawfully induced or rendered involuntary, (2) his conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure, and (3) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. (Pet. at 5)

## III.   SUBJECT MATTER JURISDICTION

Respondent contends the petition should be dismissed for lack of subject matter jurisdiction because petitioner is not confined pursuant to the conviction under attack and, thus, cannot meet the "in custody" requirement under 28 U.S.C. § 2254(a). (Resp't Ans. at 3-5) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394,

2

394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490-91.

Petitioner was not in custody under his 2011 attempted forgery conviction and sentence at the time this petition was filed on October 11, 2011, thus he may not challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of subject matter jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED January **26**, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE